## CIRCUIT COURT OF FAIRFAX COUNTY

Firstscan Technology Corp.

v.

Topologic Systems Corp. et al.

May 12, 1989

Case No. (Chancery) 110210

By JUDGE J. HOWE BROWN

This case is before the Court on respondent Donald DePriest's Motion to Dismiss for Lack of Personal Jurisdiction. The Motion to Quash Service which was filed at the same time has been withdrawn.

The Court heard oral arguments on May 5, 1989, and has also considered the Memoranda submitted by counsel. The parties have agreed that the affidavits may also be considered.

The first ground advanced in support of this motion is that DePriest is a resident of Mississippi and therefore cannot be a Virginia resident. Petitioner Firstscan Technology Corporation (FTC) argues that while an individual can only be a citizen of one state at a given time, he may have several residences. Because he is also a resident of Virginia, he is subject to personal jurisdiction.

The Court finds that this question is moot because FTC is no longer relying on the service at DePriest's wife's home as a basis for jurisdiction. A party is subject to personal jurisdiction only if he is served within Virginia or served outside Virginia pursuant to the long-arm statute. The Court cannot assert personal jurisdiction

over a person served outside the Commonwealth even if that person is a "resident."

DePriest's second argument is that the actions alleged to be the basis for long-arm jurisdiction were carried out in DePriest's capacity as an officer and director of Medcom Development Corporation. DePriest cites *Miller and Rhoads v. West*, 442 F. Supp. 341 (E.D. Va. 1977), in support of the proposition that while acts of transacting business may be sufficient to subject a corporate defendant to personal jurisdiction, the individual directors and officers are not within the reach of the long-arm statute. In order for the directors and officers to be subject to personal jurisdiction, the plaintiff must allege and prove that the corporation was acting as the agent of the individuals. *Id*. The Court finds that FTC has not made these allegations, and there is no basis for personal jurisdiction over DePriest under the long-arm statute.

For these reasons, the respondent's motion to dismiss is granted.